*834 GARY W. LYNCH, J.,
author of opinion concurring in result.
I concur in the result.
“The trial court’s judgment must be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law.” Dennis v. Henley, 314 S.W.3d 786, 787 (Mo.App.2010) (citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976)). This Court views the evidence in the light most favorable to the judgment. Id.
In her sole point relied on, Mother claims there is no substantial evidence to support the trial court’s implied finding that she engaged in two or more incidents of conduct evidencing a continuity of purpose that caused alarm to Teacher when it was reasonable in Teacher’s situation to have been alarmed by Mother’s conduct. Therefore, there was no course of conduct from which to find “stalking” as defined by section 455.010.13. I agree.
Teacher presented evidence of only two incidents of Mother’s conduct toward her. Regardless of whether the Walmart incident caused Teacher alarm when it was reasonable for her to be alarmed, Teacher produced no evidence that the parent-teacher conference incident did so. With regard to this incident, the evidence in the light most favorable to the trial court’s judgment is Teacher’s testimony that Mother’s son was in her class, she told Mother at Walmart to contact her at school to talk about her son, a few weeks later Mother came into her school building for a parent-teacher conference with another teacher right across the hall from Teacher’s room, Mother approached Teacher outside her room, they had a conversation about whether they could have a conversation as Teacher moved toward the school’s office, and Teacher did not feel threatened during that incident. Nothing in this evidence supports a finding that Teacher was alarmed by Mother’s conduct during this incident or that it was reasonable for Teacher to have been alarmed by Mother’s conduct during this incident. Therefore, there is no substantial evidence that Mother engaged in the statutorily-required course of conduct that is essential to prove stalking, as defined by section 455.010.13. See Dennis, 314 S.W.3d at 791.